# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/19/2017

| | | |
|---|---|---|
| In re:<br><br>KATRINA LONG JONES,<br><br>Debtor. | § § § § § § § | Case No. 15-34818<br><br>Chapter 13 |
| KATRINA LONG JONES and NATASHA HILL,<br><br>Plaintiffs<br><br>v.<br><br>ATLAS ACQUISITION LLC and AVI SCHILD,<br><br>Defendants. | § § § § § § § § § § § § § § | Adversary No. 16-3235 |

**ORDER DENYING ATLAS ACQUISITION LLC AND AVI SCHILD'S
MOTION TO DISMISS PLAINTIFFS' CLASS CERTIFICATION CLAIMS**
[This Order Relates to Adv. Doc. No. 27]

I. BRIEF INTRODUCTION

Presently pending before this Court is the motion of the defendants to dismiss this adversary proceeding. The plaintiffs, who seek to prosecute this adversary proceeding as a class action, vigorously oppose the request for dismissal. For the reasons set forth herein, this Court denies the motion to dismiss.

II. PROCEDURAL BACKGROUND

On September 14, 2015, Katrina Long Jones ("Ms. Jones") filed a voluntary petition initiating the main Chapter 13 case in this Court. [Main Case No. 15-34818, Doc. No. 1]. On October 22, 2015, Atlas Acquisition LLC ("Atlas") filed a proof of claim in Ms. Jones's main

1

case, and Avi Schild ("Schild") (hereinafter, Atlas and Schild will collectively be referred to as the "Defendants") signed the proof of claim as "President." [Main Case No. 15-34818, Claim No. 5]. Atlas subsequently withdrew Claim No. 5 on April 20, 2016. [Main Case No. 15-34818, Doc. No. 49].

On October 24, 2016, Ms. Jones, on behalf of herself and others similarly situated, initiated this adversary proceeding by filing a complaint against the Defendants. [Adv. Doc. No. 1]. On December 30, 2016, Ms. Jones and Natasha Hill ("Ms. Hill") (collectively, the "Plaintiffs"), on behalf of themselves and others similarly situated, filed a First Amended Complaint against the Defendants, which is presently the "live" pleading (the "Complaint"). [Adv. Doc. No. 22]. Ms. Hill is a debtor in a Chapter 13 case (Case No. 15-31663) currently pending before the United States Bankruptcy Court for the Western District of Louisiana. [*Id.* at p. 3 ¶ 5]. According to the Complaint, the Plaintiffs request that this Court award them actual damages, statutory damages, punitive damages, and other legal and equitable relief for the Defendants' abuse of the bankruptcy system and their willful and intentional disregard for the requirements for filing legitimate claims in many Chapter 13 cases throughout the country. [*Id.* at pp. 26–36 of 37]. Specifically, the Plaintiffs allege that the Defendants have abused "the bankruptcy process by filing fraudulent, false, and misleading proofs of claim in bankruptcy cases . . . ." [*Id.* at pp. 1–2 ¶ 1]. Further, the Plaintiffs contend that the Defendants have been "gaming" the bankruptcy system by filing proofs of claim in various Chapter 13 cases only to withdraw such claims after being exposed by debtors' counsel, the Chapter 13 trustees, the bankruptcy courts, and/or the United States Trustee's office. [*Id.* at p. 8 ¶ 30]. Indeed, the Plaintiffs assert that the Defendants' intentional filing of deficient claims, only to withdraw them when challenged, is in fact its "business model since at least August 2012." [*Id.* at p. 21 ¶ 89].

On January 31, 2017, the Defendants filed their Motion to Dismiss Plaintiffs' Class Certification Claims (the "Motion to Dismiss"). [Adv. Doc. No. 27]. On the same day, the Defendants filed a brief in support of the Motion to Dismiss. [Adv. Doc. No. 28]. On March 3, 2017, the Plaintiffs filed their response to the Motion to Dismiss, [Adv. Doc. No. 29], and on April 14, 2017, the Plaintiffs filed their amended response to the Motion to Dismiss, [Adv. Doc. No. 32]. Then, on April 15, 2017, the Defendants filed their supplemental brief in support of the Motion to Dismiss. [Adv. Doc. No. 33]. On April 19, 2017, this Court held a hearing on the Motion to Dismiss (the "Hearing") during which the Court heard oral arguments from both the Plaintiffs' counsel and the Defendants' counsel regarding three specific issues raised in the Motion to Dismiss. The Court then took the matter under advisement. Thereafter, on April 26, 2017, the Plaintiffs filed a post-hearing brief. [Adv. Doc. No. 42].

### III. THRESHOLD CONCLUSIONS

As a threshold matter, it is worth noting that this Court has jurisdiction to determine whether it has subject matter jurisdiction over this adversary proceeding. *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376–77 (1940) (holding that a federal court has authority to determine whether it has subject matter jurisdiction over a dispute); *In re AE Liquidation, Inc.*, 435 B.R. 894, 900 (Bankr. D. Del. 2010); *VeraSun Energy Corp. v. W. Plains Co.*, No. 08-12606 (BLS), 2013 WL 3336870, at *6–7 (Bankr. D. Del. June 28, 2013). Moreover, for purposes of ruling on the Motion to Dismiss, this Court concludes that the issue of the constitutional authority of a bankruptcy court to enter a *final* order, as articulated in *Stern v. Marshall*, 564 U.S. 462 (2011), is not a concern here. This is so because denial of the Motion to Dismiss is not a final order. *See Truong v. Kartzman*, 513 F.3d 91, 93 (3d Cir. 2008) (stating that "an order in an individual adversary proceeding is not final unless it ends the litigation on

3

the merits and leaves nothing more for the court to do but execute the judgment") (internal citations omitted); *Smith v. AET Inc.*, Civ. Act. Nos. C-07-123, C-07-124, C-07-126, 2007 WL 1644060, at *3 (S.D. Tex. June 4, 2007) ("Denial of a motion to dismiss does not resolve a 'discrete issue' in the pending litigation, as is required for an order to be considered 'final' for purposes of Section 158(a)(1).") (citing *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 734 (5th Cir. 1995)).

The Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1)[1] for lack of subject matter jurisdiction.[2] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction (i.e., the Plaintiffs in the suit at bar). *McNutt v. GM Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Davis v. U.S.*, 597 F.3d 646, 649 (5th Cir. 2009). A court must assume that all of the allegations in the complaint are true. *Garcia v. U.S.*, 776 F.2d 116, 117 (5th Cir. 1985). A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on "the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991).

With regard to a Rule 12(b)(6) motion, a court may grant a request for dismissal when a party fails to "state a claim upon which relief can be granted." The determination of a Rule 12(b)(6) motion requires a court to "accept[ ] all well-pleaded facts [of the complaint] as true, viewing them in the light most favorable to the plaintiff." *Torch Liquidating Trust v. Stockstill,*

---

[1] Any reference to a "Rule" is a reference to the Federal Rules of Civil Procedure, and any reference to "the Code" refers to the United States Bankruptcy Code. Further, any reference to any section (i.e., §) refers to a section in 28 U.S.C., unless otherwise noted.

[2] Bankruptcy Rule 7012(b) sets forth that Rule 12(b) of the Federal Rules of Civil Procedural applies in adversary proceedings.

4

561 F.3d 377, 384 (5th Cir. 2009) (quoting *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007)). Thus, a court may not look outside of the complaint when ruling on a Rule 12(b)(6) motion. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992). Further, a Rule 12(b)(6) motion should be denied if the plaintiff pleads "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "[T]he complaint must contain either direct allegations or permit properly drawn inferences to support" all facts necessary for proper relief. *Torch Liquidating Trust*, 561 F.3d at 384 (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). The defendant bears the burden to show that the plaintiff has not stated a claim. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

### IV. ANALYSIS OF THE THREE ISSUES RAISED IN THE MOTION TO DISMISS

In the Motion to Dismiss, the Defendants argue that the Complaint should be dismissed for three separate and distinct reasons. They contend that:

> (1) This Court has no jurisdiction under § 1334 to certify a nationwide class of Chapter 13 debtors;
>
> (2) The Plaintiffs are not qualified as adequate class representatives as a matter of law; and
>
> (3) The Plaintiffs' claims cannot be certified under Rule 23(b)(3) as a matter of law.

[*See* Adv. Doc. No. 33, p. 1 of 14].

The Court denies the Motion to Dismiss because it finds that: (a) it has subject matter jurisdiction to certify a nationwide class of debtors; (b) a separate evidentiary hearing must be held to determine whether the Plaintiffs qualify as adequate class representatives; and (c) a

5

separate evidentiary hearing must be held to determine whether the Plaintiffs' claims can be certified under Rule 23(b)(3). The Court discusses its reasons for denying the Motion to Dismiss below.

A. **Whether This Court has Subject Matter Jurisdiction to Certify a Nationwide Class of Chapter 13 Debtors?**

There is no question that any analysis of a bankruptcy court's subject matter jurisdiction begins with § 1334. Section 1334(a) confers upon district courts the original and exclusive jurisdiction of all cases under title 11. Section 1334(b), in turn, provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." District courts are then authorized to refer these cases and proceedings to the bankruptcy judges for that district. § 157(a). In fact, the District Court for the Southern District of Texas has provided for such referral to the bankruptcy judges by General Order 2012-6 (entitled General Order of Reference), which automatically refers all eligible cases and proceedings to the bankruptcy courts.

Therefore, in order for this Court to have jurisdiction over the putative class members' claims set forth in the Complaint, these claims must constitute: (1) a core proceeding "arising under" title 11; (2) a core proceeding "arising in" a case under title 11; *or* (3) a proceeding "related to" a case under title 11. *U.S. Brass Corp. v. Travelers, Ins. Grp. (In re U.S. Brass Corp.)*, 301 F.3d 296, 303–04 (5th Cir. 2002) (citing §§ 1334(a)-(b)). Because § 1334(b) contains disjunctive language, and because the third category of jurisdiction is the broadest, the Fifth Circuit has determined that a matter need only be "related to" a bankruptcy case for a bankruptcy court to have jurisdiction. *Id.* at 304; *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999) (citing *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995)).

6

However, although "related to" jurisdiction is considered the broadest category of a bankruptcy court's jurisdiction, it is not the only category. As noted in the paragraph above, bankruptcy courts also have jurisdiction over matters that "arise under" or "arise in cases under" title 11. *See, e.g.*, *In re Legal Xtranet, Inc.*, 453 B.R. 699, 705 n.1 (Bankr. W.D. Tex. 2011) ("[I]f 'related to' jurisdiction is *not* found, that does not mean that there can be no bankruptcy subject matter jurisdiction . . . [a] matter might . . . *not* be 'related to' the bankruptcy case . . . yet clearly fall within the bankruptcy subject matter jurisdiction of the federal courts, by virtue of either arising under a provision of title 11 . . . or arising in the bankruptcy case . . . .") (emphasis in original); *In re Rodriguez*, 396 B.R. 436, 448 (Bankr. S.D. Tex. 2008) ("Bankruptcy courts' subject matter jurisdiction is not limited to matters 'related to cases under title 11.' Bankruptcy courts also have subject matter jurisdiction over matters arising under title 11 and arising in cases under title 11."); *In re Simmons*, 205 B.R. 834, 843 (Bankr. W.D. Tex. 1997) ("Finding that it is only necessary to determine whether a matter is *at least* 'related to' the bankruptcy in this case, . . . therefore, does not usurp the possibility that one of these 'distinguishable' categories ["related to," "arising under," or "arising in"] incorporates matters which would otherwise fall outside the 'related to' penumbra.") (emphasis in original).

1. The Arguments Made by the Defendants and by the Plaintiffs

The Defendants assert that bankruptcy courts (including this Court) lack subject matter jurisdiction over a nationwide class of debtors. Holding this position, they seek to dismiss the Plaintiffs' request to certify a nationwide class of debtors under Rule 12(b)(1). Specifically, the Defendants assert that this Court lacks jurisdiction because the Plaintiffs' claims do not "arise under" title 11, but rather: (1) "the Plaintiffs' claim for abuse of process arises under the Court's inherent authority and 11 U.S.C. § 105;" (2) the Plaintiffs' claim under Bankruptcy Rule 3001

7

"arises under a Federal Rules of Bankruptcy Procedure," which in turn, arises under § 2075 of title 28; and (3) "the Plaintiffs' claims for declaratory and injunctive relief arise under title 28, rather than title 11." [Adv. Doc. No. 28, p. 15 of 64]. Further, while counsel for the Defendants concedes that this Court does have "arising in" jurisdiction, [Apr. 19, 2017 Tr. 26:13–29:7], he insists that "arising in" jurisdiction only vests in the "home court" of a bankruptcy case, [*id.* at 9:11–15], and therefore this Court lacks jurisdiction over a *nationwide* class. However, counsel for the Defendants concedes that this Court may have jurisdiction over a nationwide class of debtors if "arising under" jurisdiction exists. [*Id.* at 26:10–23]. Finally, the Defendants contend that this Court lacks "related to" jurisdiction because "claims in cases arising in other districts cannot have a conceivable effect on the estate being administered in [the Southern District of Texas]." [Adv. Doc. No. 28, p. 11 of 64].

The Plaintiffs argue that because district courts have jurisdiction over nationwide class actions, so do bankruptcy courts. The Plaintiffs assert that "28 U.S.C. § 1334(b) grants subject matter jurisdiction to the District Court over any debtor's claims that fall within the court's 'related to,' 'arising in,' or 'arising under' jurisdiction . . . ." [Adv. Doc. No. 29, pp. 7–8 of 30]. They contend that because their claims invoke substantive rights created by the Code (i.e., by seeking redress under 11 U.S.C. § 105 for the Defendants' violations and abuses of 11 U.S.C. §§ 501 and 502)[3] and by the Bankruptcy Rules (i.e., Bankruptcy Rule 3001(a), (c)(2)(D)), they fall within the Court's "arising under" jurisdiction. [*Id.* at p. 12 of 30]; [Apr. 19, 2017 Tr. 42:17–20].

---

[3] In their post-hearing brief, in footnote six, the Plaintiffs state the following: "Plaintiffs' complaint does invoke the Code, and in particular Code §§ 501 and 502. In *Rojas*, the plaintiffs did include a cause of action for violation of 11 U.S.C. §§ 501 and 502. If the Court believes that such specific counts are necessary for the Court to invoke its § 105(a) powers to provide the relief Plaintiffs seek, the Court should allow Plaintiffs to amend their complaint." [Adv. Doc. No. 42, p. 5 of 13] (citation omitted). This Court construes the Complaint as asserting a cause of action for violation of 11 U.S.C. §§ 501 and 502, but if the Plaintiffs want to amend the Complaint to plead with even greater specificity, the Court will grant them leave to do so, unless, of course, the Defendants can convince the Court otherwise. Needless to say, the Plaintiffs need to file a motion for leave to amend and, if they do, the Defendants have the right to oppose the motion—and thereafter, the Court will make a decision.

8

Additionally, at the Hearing, the Plaintiffs argued that this Court has "arising in" jurisdiction because "[their] claims can only arise in bankruptcy court." [Apr. 19, 2017 Tr. 42:17–21]. Further, with regard to the Defendants' assertion that this Court lacks "related to" jurisdiction, the Plaintiffs insist that the "related to" prong should not be conflated with the "arising in" and "arising under" prongs. [Adv. Doc. No. 29, p. 13 of 30].

Interpreting the plain language of §§ 1334 and 157, and Fifth Circuit precedent, this Court finds that it has jurisdiction over a nationwide class of debtors, as discussed below.

2. Analysis of a Bankruptcy Court's Jurisdiction Over a Nationwide Class of Debtors

The Court first notes that there is no question that bankruptcy courts are permitted to handle class actions in adversary proceedings. After all, Bankruptcy Rule 7023 incorporates Rule 23, which authorizes bankruptcy courts to certify a class action. *In re Wilborn*, 609 F.3d 748, 754 (5th Cir. 2010) ("[C]lass action proceedings are expressly allowed in the Federal Bankruptcy Rules, which provide that the requirements for class actions under Federal Rule of Civil Procedure 23 apply in adversary proceedings . . . if bankruptcy court jurisdiction is not permitted over a class action of debtors, [Bankruptcy] Rule 7023 is virtually read out of the rules."). Thus, assuming that all prerequisites for class certification under Rule 23 are satisfied, this Court may certify a class action. While the Defendants do not dispute that this Court may certify a class action within the Southern District of Texas, [Apr. 19, 2017 Tr. 5:12–14], they insist that bankruptcy courts (including this Court) cannot exercise jurisdiction over a *nationwide* class of debtors. This Court disagrees based upon existing law within the Fifth Circuit.

In *Bolin*, more than one million former debtors sought certification of a nationwide class asserting claims against Sears for its unlawful attempts to collect discharged debts. 231 F.3d 970, 972 (5th Cir. 2000). The class sought injunctive, declaratory, and monetary relief under the

9

Code, RICO, and the Truth in Lending Act. *Id.* at 973. The district court certified the nationwide class under Rule 23(b)(2) and Sears appealed. *Id.* On appeal, the Fifth Circuit vacated the district court's certification on the basis that the certified class did not fit within the confines of Rule 23(b)(2). *Id.* at 978. Interestingly, while the Fifth Circuit had a duty to consider the district court's subject matter jurisdiction, it did not directly address the issue of whether the district court had subject matter jurisdiction to certify a nationwide class of debtors. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 147 (2009) ("[T]he Court of Appeals would indeed have been duty bound to consider whether the Bankruptcy Court had acted beyond its subject-matter jurisdiction.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). While it did not directly address the issue, the Fifth Circuit chose not to dismiss the suit, but rather remanded to the district court for reconsideration of the certification question. *Bolin*, 231 F.3d at 979. Thus, the Fifth Circuit's decision not to dismiss the suit represents an implicit approval of the District Court's ability to certify a nationwide class of debtors. *Cano v. GMAC Mortg. Corp. (In re Cano)*, 410 B.R. 506, 550 (Bankr. S.D. Tex. 2009) ("The Fifth Circuit has implied that bankruptcy courts have jurisdiction over nationwide bankruptcy class actions.").

Applying this interpretation to the dispute at bar, because the District Court for the Southern District of Texas has jurisdiction over a nationwide class of debtors, *see id.*, this Court—operating as a unit of the District Court for the Southern District of Texas—has the authority to adjudicate all matters that fall within the District Court's bankruptcy jurisdiction. § 1334. Indeed, as noted previously, in the Southern District of Texas, General Order 2012-6 automatically refers all eligible cases and proceedings to the bankruptcy courts. Thus, based on the language set forth in §§ 1334 and 157 and General Order 2012-6, this Court concludes that it may exercise jurisdiction over a nationwide class of debtors, including the class for whom the

Plaintiffs have filed the Complaint—assuming of course that the Plaintiffs satisfy all other requirements for a class action.

3. The Court has "Arising Under" Jurisdiction in this Adversary Proceeding

As noted above, bankruptcy courts exercise jurisdiction—through referral from the district courts—over core proceedings (i.e., cases that "arise under" and "arising in" title 11) and proceedings that are "related to" a bankruptcy case. Although not precisely defined, a matter "arising under" title 11 "invokes a substantive right provided by title 11." *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Indeed, the Defendants argue that the only way this Court may have jurisdiction over a nationwide class of debtors is if the Plaintiffs' claims invoke a substantive right provided by the Code (i.e., "arises under" title 11). [Apr. 29, 2017 Tr. 26:10–23].

The Fifth Circuit has suggested that substantive rights may be created not only by the Code, but by the Bankruptcy Rules. Specifically, in *Matter of Wood*, the Fifth Circuit made clear that "[i]f the proceeding involves a right created by the *federal bankruptcy law*, it is a core proceeding." 825 F.2d at at 97 (emphasis added). Further, the Fifth Circuit, in *Matter of Smith*, stated that "[b]ankrupty courts cannot use their equity powers under Section 105(a) to fashion *substantive rights and remedies not contained in the Bankruptcy Code or [Bankruptcy] Rules* or to negate substantive rights or remedies that are available." 21 F.3d 660, 666 (5th Cir. 1994) (emphasis added).

Here, the Plaintiffs argue that, by seeking 11 U.S.C. § 105 redress for the Defendants' violations and abuses of 11 U.S.C. §§ 501 and 502, the class action invokes substantive rights created by the Code. [Adv. Doc. No. 29, pp. 11–12 of 30]; [Apr. 19, 2017 Tr. 42:17–20]. Further, the Plaintiffs contend that the class action invokes substantive rights created by federal bankruptcy law—namely, Bankruptcy Rule 3001. [Adv. Doc. No. 29, p. 12 of 30]; [Apr. 19,

2017 Tr. 42:17–20]. Strongly disagreeing with the Plaintiffs, the Defendants assert that the putative class action's claims for an abuse of process arising under the Court's inherent power and 11 U.S.C. § 105, violations under Bankruptcy Rule 3001, and relief under title 28 do not constitute substantive rights created by bankruptcy law. [Adv. Doc. No. 28, p. 15 of 64].

The Fifth Circuit in *Matter of Smith* made it clear that while bankruptcy courts may not create, modify, or expand substantive rights, such substantive rights may originate from the Bankruptcy Rules in addition to the Code. 21 F.3d at 666 ("Bankrupty courts cannot use their equity powers under Section 105(a) to fashion *substantive rights and remedies not contained in the Bankruptcy Code or [Bankruptcy] Rules . . . .*") (emphasis added). Here, the Plaintiffs are neither asking this Court to create *new* substantive rights created by the Code or Bankruptcy Rules, nor are they asking this Court to modify or expand substantive rights that are already provided for in the Code or the Rules. And, while many of the Bankruptcy Rules do not provide a substantive right "created by federal bankruptcy law," Bankruptcy Rule 3001—the specific rule that the Plaintiffs allege the Defendants violated—does in fact give rise to a substantive right created by federal bankruptcy law. Indeed, Bankruptcy Rule 3001(c)(2)(D)(iii) provides that the Plaintiffs have the right to be "award[ed] other appropriate relief, including reasonable expenses and attorney's fees caused by the failure [to attach supporting documentation to a proof of claim]." *Compare Marek v. Chesny*, 473 U.S. 1, 35 (1985) ("The right to attorney's fees is 'substantive' under any reasonable definition of [the term,] '[s]uch rules shall not abridge, enlarge or modify any substantive right.'") (quoting § 2072), *with In re Myles*, 395 B.R. 599, 608 (Bankr. M.D. La. 2008) (finding that Bankruptcy Rule 2016 creates no substantive right, but rather, "provides the mechanism for bankruptcy court approval of attorney compensation from the estate"). Thus, there is no question that Bankruptcy Rule 3001(c) provides the Plaintiffs a

substantive right created by federal bankruptcy law—namely, the right to recover "appropriate relief, including reasonable expenses and attorney's fees." *See Matter of Wood*, 825 F.2d at 97 ("If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding [i.e., invokes a substantive right]."). Accordingly, the Plaintiffs have satisfied their burden under Rule 12(b)(1) because they have shown that this Court has "arising under" jurisdiction for suits seeking to enforce substantive rights created by sections of the Code and, additionally, substantive rights created by the Bankruptcy Rules. *Davis*, 597 F.3d at 649.

4. <u>The Court has "Arising In" Jurisdiction in This Adversary Proceeding</u>

Even assuming that this Court lacks "arising under" jurisdiction, the Court nevertheless has "arising in" jurisdiction.

A bankruptcy court has core "arising in" jurisdiction to adjudicate proceedings "that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Matter of Wood,* 825 F.2d at 97. Stated differently, a bankruptcy court has "arising in" jurisdiction to "hear administrative matters that arise *only* in bankruptcy cases." *Id.* (emphasis in original). Here, the Court finds that it has "arising in" jurisdiction because the Plaintiffs' claims, and those of the purported class members, could not possibly exist outside of bankruptcy.

As stated above, the Plaintiffs argue that this Court has "arising in" jurisdiction because their claims arise from the Defendants' filing of "fraudulent, false, and misleading proofs of claim" in numerous bankruptcy cases throughout the country. [Adv. Doc. No. 22, pp. 1–2 ¶ 1]. This Court agrees. Assuming that all of the Plaintiffs' allegations set forth in the Complaint are true, *Garcia*, 776 F.2d at 117, there is no question that when a party files a proof of claim in a bankruptcy case—and this is what the Complaint alleges that the Defendants did—then "arising

13

in" jurisdiction exists; indeed, the filing of a proof of claim can *only* "arise in" a bankruptcy case. Because the Plaintiffs' claims are based on alleged violations of 11 U.S.C. §§ 501 and 502, and Bankruptcy Rule 3001, the claims could "arise *only* in bankruptcy cases"—a point that the Defendants do not contest. [Apr. 19, 2017 Tr. 6:8–10, 9:11–15]. Accordingly, the Plaintiffs have met their burden under Rule 12(b)(1) to show that this Court has "arising in" jurisdiction. *Davis*, 597 F.3d at 649.

However, having found that this Court has "arising under" and "arising in" jurisdiction over a nationwide class does not end the inquiry. The Plaintiffs still have the burden to establish all the elements under Rule 23(a) and (b) in order to obtain class certification in this particular adversary proceeding. *See In re Kosmos Energy Ltd. v. Sec. Litig.*, 299 F.R.D. 133, 144 (N.D. Tex. 2014) ("Plaintiff bears the burden of establishing all four general class certification elements under Rule 23(a) and the two additional certification requirements under Rule 23(b)(3)"). The Defendants contend that, as a matter of law, the Plaintiffs cannot satisfy this particular rule. [*See* Adv. Doc. No. 33, p. 1 of 14]. The Plaintiffs assert that they can and should be afforded the opportunity to do so at an evidentiary hearing. [Adv. Doc. No. 29, p. 18 of 30]. The Court now addresses this issue.

**B. Whether the Plaintiffs Qualify as Adequate Class Representatives Under Rule 23(a)(4)?**

Rule 23(a)(4) requires that the proposed representatives of a class action "fairly and adequately protect the interests of the class." The Defendants argue that Ms. Jones is not a suitable class representative because, among other things, she faces a conflict of interest "between her fiduciary duty to maximize recovery for the creditors in her own personal case and her duties to the unnamed class members." [Adv. Doc. No. 28, p. 20 of 64]. The Defendants argue that Ms. Hill also is not a suitable class representative because this Court lacks subject

matter jurisdiction over her bankruptcy case and, additionally, because she is barred from asserting claims under the doctrine of judicial estoppel. [*Id.* at p. 21 of 64]. The Plaintiffs assert that the Defendants' request for this Court to dismiss the Plaintiffs' class certification under Rule 23 is premature, as this issue should be decided at a separate class certification evidentiary hearing. [Adv. Doc. No. 29, p. 18 of 30].

The Court finds merit in the Plaintiffs' argument. Indeed, the statements made by counsel for the Defendants at the Hearing regarding the issue of adequate class representatives convince this Court all the more that the Plaintiffs' position is correct:

> Now, admittedly this would normally be something you would decide on an evidentiary record . . . But what we know from looking at the plans that were filed in this case and the Schedules and the proceedings the Court can take judicial notice of its file and, I've also argued that the Court can take notice of documents available on ECF, which gets[the Court] to be able to look at Ms. Hill's file . . . .

[Apr. 19, 2017 Tr.12:24–13:8]. This Court is unable to discern how taking judicial notice of its file somehow deprives the Plaintiffs of an evidentiary hearing on class certification. As one court has stated:

> The concept of [Federal Rule of Evidence 201] is to take judicial notice of a fact whose accuracy cannot be reasonably questioned. Defendants have not addressed the two prongs of the [Federal Rule of Evidence 201(b)] test and why they are met in the present case. Therefore, the Court does not believe it would be appropriate to take notice of the contents of the records. If Defendants would like to admit certain statements from the records at trial, they will have to go through the proper evidentiary channels.

*Feuerbacher v. Wells Fargo Bank*, Case No. 4:15-CV-59, 2016 WL 3669744, at *2 n.1 (E.D. Tex. July 11, 2016). The Defendants here, like the defendants in *Feuerbacher*, have failed to satisfy the two prongs of Federal Rule of Evidence 201(b).

15

Moreover, courts have generally held that granting a motion to dismiss concerning class certification qualifications before discovery has commenced and before a hearing on class certification has been conducted is premature. *See, e.g., Grant v. Houser*, Civ. Act. Nos. 10–805, 10–872, 2010 WL 3303853, at *6 (E.D. La. Aug. 17, 2010) (denying defendants' motion to dismiss in its entirety and holding that "it is premature to determine whether Plaintiffs will be able to meet the Rule 23 requirements . . . [and that] the question can be properly revisited in response to a motion to certify the class"); *Duplessie v. Zale Corp.*, No. 3:04-CV-2361-M, 2005 WL 1189840, at *1 (N.D. Tex. May 18, 2005) (denying Zale's motion to dismiss after finding that "Zale's arguments concerning Duplessie's adequacy as a class representative premature"). *See also In re Enron Corp. Sec., Derivative & Erisa Litig.*, No. MDL-1446, Civ.A.H-01-3624, 2004 WL 405886, at *24 (S.D. Tex. Feb. 25, 2004) ("Since class certification issues are premature in *Newby* because the Court must first address pending motions to dismiss . . . , and because a hearing and a proper record will be necessary to decide certification issues, the Court defers ruling on part of ICER's motion, i.e., to intervene as a class representative."); *Pinero v. Jackson Hewitt Tax Serv., Inc.*, 638 F.Supp.2d 632, 640 (E.D. La. 2009) (denying the defendants' motion to dismiss as premature because "[d]efendants have yet to answer plaintiff's complaint and have moved to stay discovery until the motions to dismiss are resolved").

Accordingly, for all of these reasons, the Court rejects the Defendants' argument that, as a matter of law, the Plaintiffs cannot serve as class representatives, and instead will schedule a separate hearing at which time the Plaintiffs may present evidence in support of class certification and the Defendants may present evidence in opposition thereto.[4] This approach

---

[4] The Court notes that the Defendants are entitled to introduce evidence in support of their judicial estoppel argument. However, the Court notes that the arguments made by the Plaintiffs on pages seven through ten in their post-hearing brief as to why this defense is inapplicable here are compelling, and the Defendants will need to address them should they continue to insist that the Plaintiffs are estopped from prosecuting the Complaint.

accords with the Fifth Circuit's holding in *Merrill v. S. Methodist University* that "the district court should ordinarily conduct an evidentiary hearing on this question [of class certification]." 806 F.2d 600, 608–09 (5th Cir. 1986).

## C. Whether the Plaintiffs may Proceed Under Rule 23(b)(3)?

The Defendants next contend that, as a matter of law, the Plaintiffs cannot satisfy Rule 23(b)(3) and therefore, this Court should grant the Motion to Dismiss. Specifically, it is the Defendants' position that the Plaintiffs cannot proceed under Rule 23(b)(3) as a matter of law because, among other things, "individuals issues clearly dominate over common issues." [Adv. Doc. No. 28, p. 34 of 64]. The Plaintiffs argue that just like the Defendants' request to dismiss this suit because the Plaintiffs cannot serve as class representatives, the arguments regarding the Plaintiffs' failure to qualify under Rule 23(b)(3) is premature. [Adv. Doc. No. 29, p. 24 of 30]. The Plaintiffs also contend that the question is not whether there are *any* individual issues, but whether common questions of law or fact *predominate*. [*Id.* at p. 25 of 30]. This is only one aspect of Rule 23 that the Plaintiffs have the burden of proving at a separate class certification hearing, and the Plaintiffs assert that they should be afforded the opportunity to satisfy this burden at an evidentiary hearing.

The Court finds merit in the Plaintiffs' argument, and it will thus give them the opportunity to show that a class action should be certified under Rule 23(b)(3). *See, e.g., Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 439–40 (E.D. La. Aug. 13, 2010) (denying defendants' motion to strike the class allegations and finding that "these arguments are premature [because] . . . the record is not sufficiently developed for the Court to determine whether class certification would be appropriate"); *Grant*, 2010 WL 3303853, at *6 (denying defendants' motion to dismiss in its entirety and holding that "it is premature to determine whether Plaintiffs will be able to

17

meet the Rule 23 requirements . . . [and that] the question can be properly revisited in response to a motion to certify the class"); *Bros. v. Portage Nat'l Bank*, Civ. Act. No. 3:06-94, 2007 WL 965835, *7 (W.D. Pa. Mar. 29, 2007) (explaining that a Rule 12(b)(6) motion must not be used "as a vehicle for preempting a certification motion").

Accordingly, the Court rejects the Defendants' argument that, as a matter of law, the Plaintiffs cannot satisfy the elements of Rule 23(b)(3) to obtain class certification, and finds that the Defendants have not met their burden in establishing that the Plaintiffs have not stated a claim for which relief can be granted. Rule 12(b)(6); *Davis*, 824 F.3d at 349. Rather, the Court will schedule a separate hearing at which time the Plaintiffs may present evidence in support of class certification and the Defendants may present evidence in opposition thereto. Once again, this approach accords with the Fifth Circuit's holding in *Merrill*, 806 F.2d at 608–09, that "the district court should ordinarily conduct an evidentiary hearing on this question [of class certification]."

## V. Conclusion

There is no question that class actions serve a valuable remedial role. Indeed, class actions promote efficiency and economy, as debtors, in many cases, do not have the resources to litigate issues with their creditors individually. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974); *In re Wilborn*, 609 F.3d at 752–54. While this Court recognizes that it does not have freewheeling jurisdiction to adjudicate any and all matters brought in bankruptcy court, it simply cannot ignore the plain language set forth in §§ 1334 and 157, Bankruptcy Rule 7023, Fifth Circuit precedent (i.e., *Matter of Smith*), and General Order 2012-6 for the Southern District of Texas. As discussed herein, this Court's jurisdiction arises by referral from the District Court for the Southern District of Texas. This means that if the District Court may

18

exercise jurisdiction over claims of a debtor class, then General Order 2012-6 instructs that such proceedings are automatically referred to this Court. Thus, this Court finds that it may exercise subject matter jurisdiction over a nationwide class of debtors. That said, however, it remains for the Plaintiffs to establish that they should be certified as a class under Rule 23—and that is why an evidentiary hearing needs to be held. For all the reasons set forth above, it is therefore:

ORDERED that the Motion to Dismiss is denied in its entirety; and it is further

ORDERED that an evidentiary class certification hearing shall be held on August 2, 2017, at 10:00 A.M., in Courtroom 600, 6th Floor, Bob Casey Federal Courthouse, 515 Rusk Street, Houston, Texas.

Signed on this 19th day of May, 2017.

Jeff Bohm
United States Bankruptcy Judge