# EXHIBIT D

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| IN RE: | ) | CHAPTER 13 |
|---|---|---|
| Troy Shannon Harlow | ) | |
| | ) | CASE NO.  17-71487 |
| DEBTOR | ) | |

## MOTION OBJECTING TO NOTICE OF MORTGAGE PAYMENT CHANGE
## (FORBEARANCE) FILED BY WELLS FARGO BANK, NA
## AND NOTICE OF PRETRIAL HEARING

Troy Shannon Harlow, Debtor, by his attorney, Malissa L. Giles, files this motion objecting to the Notice of Mortgage Payment Change filed on April 29, 2020, and respectfully represents:

Background Facts

1. On Nov. 2, 2017, the Debtor filed for protection of the Court under Chapter 13 and has been operating under a confirmed Chapter 13 plan since the Court entered its order confirming Debtor's plan on May 24, 2018.

2. Debtor's home is encumbered by a lien securing repayment of a mortgage loan serviced by Wells Fargo Bank, NA ("Wells Fargo").

3. The debtor was current on his mortgage when the Chapter 13 case was filed and he is paying the contractual post-petition payment directly pursuant to Debtor's confirmed Chapter 13 plan and all subsequent amendments thereto.

Wells Fargo's Notice of Temporary Forbearance

4. On April 29, 2020, Wells Fargo, through its non-attorney representative, Thomas R. Dautel, who is allegedly the VP Loan Documentation, filed an Official Form 410S1 "Notice of Mortgage Payment Change" and indicated payments would be in forbearance.

5. The Official Form 410S1 included a notice which falsely asserts that "the Debtor has requested, and Creditor\Servicer has provided a temporary suspension of mortgage payments."

6. The Debtor did not request a forbearance of his mortgage loan, did not contact Wells Fargo about forbearance, and Debtor did not want and does not want a forbearance of his mortgage payment obligation.

7.     The form contained added language which provided:

> The use of Official Form 410S1 and of the electronic filing method for a Notice of Payment Change is being
> used to provide interested parties with notice of the forbearance arrangement, detailed below. It is only
> being used due to limitations on existing functionality available to limited users within the Courts' CMECF
> systems.  The use of this form in no way implies that a payment change is occurring or has occurred on the
> account.  This filing does not imply that the provisions of FRBP 3002.1 apply to this filing, nor does the
> Servicer\Creditor consent to the application of any provisions of FRBP 3002.1 to this filing.

8.     The added language indicates the loan is in forbearance, but then by use of the above
       language informs parties "use of this form in no way implies that a payment change is
       occurring or has occurred on the account."

9.     At the time that Wells Fargo filed the Official Form 410S1 "Notice of Mortgage Payment
       Change, pursuant to the terms of Debtor's confirmed amended Chapter 13 plan, the
       Debtor was current in his payments.

10.    Moreover, in May of 2020, Wells Fargo filed numerous Notices of Forbearance in the
       U.S. Bankruptcy Court Western District of Virginia, many of which falsely represent to
       the Court that they related to forbearances that debtors requested.  See Exhibit A for the
       list of unauthorized notices filed in the undersigned counsel's cases alone.

11.    These notices, the vast majority of which are not filed pursuant to Rule 3002.1 notices or
       proofs of claims, were filed improperly by non-attorney employees of Wells Fargo
       and/or, upon information and belief, by non-attorney representatives of one or more
       vendor companies hired by Wells Fargo to prepare and file such notices.

12.    In the context of a Chapter 13 bankruptcy case, mortgage forbearances and Wells Fargo's
       forbearance notices are unnecessary and improper as a secured creditor has no authority
       to modify a Chapter 13 plan by motion, notice or otherwise.

13.    A forbearance is not a mortgage payment change and these "notices of forbearance," and
       the Official Form 410S1 Notice of Mortgage Payment Change filed in this case seek to
       impermissibly modify debtors' confirmed Chapter 13 plans without court approval.

14.    In some instances, the notices of forbearance assert payments are to be put in forbearance
       for months that the lender already has been paid.

15.    In every instance in which Wells Fargo has filed a forbearance notice that the Chapter 13
       debtor did not request, these notices needlessly burden the Bankruptcy system by causing
       confusion and requiring debtors, debtors' counsel, Chapter 13 trustees, and the Court to
       take action to ensure that such notices do not create further inefficiency and needless
       expense, as well as the potential for post-discharge disagreement between the debtor and
       mortgage servicer regarding the mortgage loan's status after the borrower is no longer

protected by the provisions of the Bankruptcy Code and Rules and is no longer represented by counsel.

16. The filing of these notices could result in trustees requiring debtors to update their budgets to explain their change in circumstances and could alter the way Chapter 13 plan payments are allocated by increasing distributions to unsecured creditors using plan payments intended for post-petition mortgage payments.

17. But what really matters is that Wells Fargo is using non-attorneys to file false notices regarding unauthorized modifications to borrowers' mortgage loans.

18. While Wells Fargo Bank, NA seeks to characterize these motions as an expedient mechanism of addressing an issue with Covid-19, the Bank or its designated non-attorney representative has proceeded to file these notices with no due diligence, no verification of the assertions contained therein, and no consideration of the impact upon the debtors, the Chapter 13 Trustees or the US Bankruptcy Court.

19. The actions of Well Fargo Bank, NA have caused debtors uncertainty in whether to pay their mortgage payments even when they had the ability to do so and ultimately harm the debtors in how Wells handles accounting of these loans.

20. The actions of Wells Fargo Bank, NA have caused the Chapter 13 Trustees additional work in reviewing the notices, determining if the notices impact the plan, and noticing counsel for the debtors of the requests.  See Exhibit B and C showing communications to counsel from Chapter 13 Trustees in this district.

21. The actions of Wells Fargo Bank, NA have caused harm to debtors' counsel by the extra work to research the requests, address the unauthorized requests and determine appropriate responses.

22. The harm to the US Bankruptcy Court, its debtors and its officers of the Court for the false notices justifies sanctions against Wells Fargo Bank, NA.


WHEREFORE, the Debtor, by counsel, respectfully moves this Court to strike the Official Form 410S1 Notice of Mortgage Payment Change filed on April 29, 2020 by Wells Fargo Bank, NA, to award sanctions for the wrongful activity of Wells Fargo Bank, NA in filing false notices with the Court, and for such other relief as is just.

Respectfully Submitted:
TROY SHANNON HARLOW
BY:  /s/ Malissa L. Giles
Counsel

## NOTICE OF HEARING

Comes now the Debtor, by counsel, and notices Wells Fargo Bank, NA and interested parties that he will ask the United States Bankruptcy Court, Western District of Virginia, Roanoke Division, (210 Church Avenue, Room 200, Roanoke, VA 24011) to hold a pre-trial hearing on July 6, 2020 at 11:00 a.m. and request the Court set a 90-day discovery schedule in this matter.

|  | TROY SHANNON HARLOW |
|---|---|
| Dated: <u>June 18, 2020</u> | <u>/s/ Malissa L. Giles_____</u> |
|  | Counsel |

### Certificate of Service

I, Malissa Lambert Giles, counsel for the debtor, hereby certify that I have today, the 18th day of June 2020 mailed a copy of the foregoing Motion and Notice of Hearing to:

Thomas R. Dautel, VP Loan Documentation
Wells Fargo Bank, NA
MAC N9286-01Y
1000 Blue Gentian Road
Eagan MN 55121-7700

Andrew Todd Rich, Esq.                                    via electronic mail
Counsel for Wells Fargo Bank, NA

Chapter 13 Trustee                                            via CM/ECF

Dated: <u>June 18, 2020</u>                                    <u>/s/ Malissa L. Giles_____</u>
                                                                              Counsel

Malissa L. Giles
Giles & Lambert, PC
PO Box 2780
Roanoke, VA 24001
540-981-9000
mgiles@gileslambert.com

Exhibit A

| Name | Case # | Lender | Type Plan | Date Notice Filed |
|------|--------|--------|-----------|-------------------|
| Bass, William and Courtney | 16-71259 | Wells Fargo Mort. | Dir. Pay. | 5/11/2020 |
| Estes, Mark | 17-70327 | Wells Fargo Mort. | Conduit | 5/11/2020 |
| Newman, Lisa | 18-70330 | Wells Fargo Mort. | Dir. Pay Mort. | 5/11/2020 |
| Altman, Mark & Callie | 18-71074 | Wells Fargo Mort. | Conduit | 5/11/2020 |
| Stewart, Joseph | 19-70598 | Wells Fargo Mort. | Conduit | 5/11/2020 |
| Rash, Larissa Hodge | 17-61722 | Wells Fargo Mort. | Dir Pay Mort. | 5/11/2020 |
| DeShazo, Moncie & Monica | 19-62556 | Wells Fargo Mort. | Dir. Pay Curr. | 5/11/2020 |
| Kovar, Ronald and Eugenia* | 19-71514 | Wells Fargo Mort. | Dir. Pay Mort. | 5/12/2020 |
| Harlow, Troy | 17-71487 | Wells Fargo Mort. | Dir. Pay Mort. | 4/29/2020 |

*Requested, but cancelled prior to Notice being filed. Notice not withdrawn.

| From: | Herbert Beskin |
|---|---|
| To: | Doug Little (delittleesq@aol.com); Lynn Bradley (LBradley@tgblaw.com); Bob Stevens (bob@scslawfirm.com); Marshall M. Slayton Esq. (marshall@marshallslayton.com); Jennifer Wagoner (jennifer@marshallslayton.com); Shannon Morgan; Linzie Ragland Esq. (raglandwl@aol.com); eleban39@aol.com; John P. Goetz (John@johngoetzlaw.com); James M. McMinn (james@johngoetzlaw.com); jerry@marshallslayton.com; Suad Bektic (sbektic@newdaylegal.com); Scott Carpenter (scott@newdaylegal.com); jcm@newdaylegal.com; Roland Carlton (rcarlton@carltonlegalservices.com); Hannah W. Hutman (HHutman@hooverpenrod.com); Dave Wright Esq. (dave@coxlawgroup.com); David Cox; Janice Hansen; Heidi Shafer; Stephen Dunn Esq. (stephen@stephendunn-pllc.com); Michelle Dunn Esq. (michelle@stephendunn-PLLC.COM); Reginald Yancey (bobby.1925Z@gmail.com); Mike Hart; Yvonne Cochran Esq. (ycochran@cochranlawfirm.net); Brian K. Stevens Esq. (bkstevens1534@gmail.com); "Robert B. Easterling, Attorney"; David Meeks (movetostrike.meeks@gmail.com); Bryan Ragland (bryan@raglandlegal.com); Donald M. Burks (don@DonBurksLaw.com); William Harville; Andrew S. Chen, Esq. (andrew@conwaylegal.com); Martin C. Conway (martin@conwaylegal.com); Michael P. Regan Esq. (mprlaw90@comcast.net); Malissa Giles; Anthony L. White Esq. (awhite@alwhitelaw.com); Earl Oberbauer (earl@oberbauer-law.com) |
| Subject: | RE: Coronavirus upate #9: Trustee"s policy on mortgage forbearance notices |
| Date: | Wednesday, June 3, 2020 3:25:22 PM |

6/3/20

Attorneys:

This is an update on mortgage forbearances after hearing Judge Connelly's thoughts and attorney comments at the 5/28/20 virtual "brown bag lunch" meeting.

1. The Judge announced that:
   A. At this time the Court will NOT be issuing any kind of Standing Order or Local Rule to deal with the forbearance notices being filed by mortgagees and servicers.
   B. The Judge is open to entering "comfort orders" agreed to by the parties concerning these notices.
   C. The amount and kind of notice, if any, that might be necessary for the entry of any such orders will vary with the relief being sought.
   D. The Judge is sensitive to the additional costs these notices may impose upon debtors, and some of the associated problems (e.g., payments made during a forbearance period being put into the creditor's suspense account instead of being applied to the current payment).

2. The general consensus of the attorneys on the call, both debtor and creditor, was that the servicers are still formulating their policies about how to handle these forbearances, and there is no uniformity as to what kind of workouts (if any) they will be offering debtors at the end of these forbearance periods.

3. A number of debtor attorneys expressed concern that some/many of these forbearance notices are apparently being issued without the debtors having requested them, and that many debtors may confuse these temporary forbearances with a forgiveness of payments or an automatic tail-ending of payments.

4. **Given all this, the policy of my office will be:**

A. For <u>conduit mortgage cases</u> (Trustee making the ongoing mortgage payments): If a notice of forbearance has been filed, I will continue to make the ongoing mortgage payments I have been ordered to pay in the initial distribution order, the confirmed plan, and the confirmation order *until and unless* an order has been entered instructing me to do otherwise. I believe that these previous orders take precedence over a creditor's notice of temporary forbearance.

   1. In each conduit case, I will try to reach out to the debtors' attorney to determine what action the attorney wants to take regarding the forbearance notice and current mortgage payments, and what, if any, kind of order we might want to have entered. Attorneys should feel free to contact me as well.

   2. If the attorney requests that I ignore the forbearance notice and continue to make the ongoing mortgage payments as previously ordered, I will not feel the need for any additional order, but I will endorse one if requested.

   3. If the attorney requests that I temporarily cease making the mortgage payments, I will ask that an order be entered establishing the period of non-payment, how the funds representing those payments should be allocated or disbursed, any impact on the plan base gross, and how any resulting mortgage deficiency will be cured.

   4. In each case, we will have to determine (i) whether a motion or notice will need to be filed, (ii) what, if any, notice should be given to the mortgagee / servicer, and (iii) whether we need the endorsement of the creditor on any such order. I'm not sure at this time what the Court will require.

B. In <u>non-conduit mortgage cases (w</u>here the debtors are making the mortgage payments directly): If a forbearance notice is filed with the Court, my office will take no action. I will assume that the attorney in each case is monitoring such notices, discussing with their clients what action needs to be taken, and taking appropriate action where required.

Call me if you have any questions about this.

   Herb

Herbert L. Beskin, Esq.
Chapter 13 Trustee
P.O. Box 2103
Charlottesville VA 22902
Phone: 434 817 9913, ext. 121; Fax: 434 817 9916
E-mail: hbeskin@cvillech13.net
Visit our website at: www.cvillech13.net

| | |
|---|---|
| **From:** | Chapter 13 Trustee |
| **To:** | Chapter 13 Trustee |
| **Subject:** | Mortgage Payment Forbearance |
| **Date:** | Wednesday, May 27, 2020 12:13:38 PM |

Counsel—

I hope everyone is staying safe and hopefully sane at the same time.  The COVID emergency created countless issues and legislation tried to quickly react to help millions of people.  Once such issue resulted in people seeking mortgage payment forbearance.  Servicers and creditors tried quickly to establish procedures in bankruptcy cases but as with any fast response, there are often many questions left unanswered.  It is the unanswered questions flowing from the new Notices of Forbearance we see filed in many of the cases that concern me.  Questions like, how will the payments be cured, will the payments be properly accounted after a service transfer and the problems that may arise at Plan completion and final cure notices.  After speaking with many about the best way to respond, I've developed the following procedures for the cases my office administers.  To make clear, this procedure may not apply to cases Herb Beskin administers and you should consult with his office for his procedures.

What seems universally agreed is that in bankruptcy cases, the notice, without a court order, does not bind anyone to any terms.  So the end goal in my procedure is to obtain a court order to clearly define what mortgage payments are placed into forbearance, how the payments will be repaid and ensure debtors communicate other issues, like unemployment, to counsel so additional pleadings can address collateral issues.  The pleadings you may see from my office in response to a Notice of Forbearance are:

1)  Motion to Dismiss:  If a debtor is delinquent on Plan payments as well as forbearance of the mortgage payment, this motion will be an attempt to have the debtor communicate with counsel so counsel can gather the necessary information to file an amended plan addressing not only the delinquency but also how the mortgage payments will be cured.   The bottom line is that all the facts indicate something is going wrong with the budget and debtors need to communicate the problem to counsel before we can solve anything.

2)  Motion to Strike:  In a conduit case, if the debtor is not delinquent, then any basis to place any mortgage payments into forbearance doesn't seem appropriate and the notice should be stricken.  The motion will advise debtors to contact attorneys if there is some cash flow issue that requires an alternative plan to be filed by the debtor to address the cash flow issues and the forbearance agreement.  Otherwise, payments will not be placed into forbearance and the notice should be stricken from the record.

3)  Motion to Modify:  If the debtor is not delinquent on Plan payments and it is a direct-pay mortgage then I'll move to modify the Plan to pay the mortgage payments in forbearance as a post-petition arrears claim.  If related solely to the COVID emergency, which all of these should be, then I will not seek to convert this to a conduit mortgage case.  Assuming there is enough funding in the Plan I will not seek to increase the Plan payments.  If there is insufficient funding, then I will seek to increase the funding beginning two months after the motion in an attempt to allow debtors time to communicate with their attorney as to whether they can afford the increase.

With no information or agreement from the servicer to the contrary, it will be my office's position that the mortgage payments in forbearance should be paid through case administration by the end of the bankruptcy case.  All pleadings will allow an alternative resolution assuming it is agreed upon or properly noticed to the creditor/servicer.

To summarize, the goal at the end of any pleading is for the debtor and servicer to both have an

order addressing how the mortgage payments in forbearance will be cured.  My final caveat is that Judge Black has been made aware that I developed a process to address these notices.  I did not discuss my process with him as he felt more comfortable addressing each case on its own merits if brought before him.  So please be aware that while parties may agree on an outcome, Judge Black may still want to review the issue in a hearing and an outcome is not guaranteed simply because all parties agreed to it.

I hope to begin filing pleadings the first week of June.  If you have any questions, please feel free to contact me at chris@ch13wdva.com or 540/342-3774 ext 123 or Rachel Jones at rjones@ch13wdva.com or 540/342-3774 ext 132.

Thank you,

Chris Micale,
Chapter 13 Trustee
15 Salem Ave SE Ste 300
Roanoke, VA 24011
540/342-3774 ext 123

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

IN RE:                                    )        CHAPTER 13
      Mark Stephen Estes        )
                        )        CASE NO.  17-70327
                        )
      DEBTOR                          )


**MOTION TO STRIKE REQUEST FOR MORTGAGE FORBEARANCE, OPPORTUNITY FOR**
**OBJECTION AND NOTICE OF HEARING**


      This motion by Mark Stephen Estes, debtor, by his attorney, Malissa L. Giles, respectfully represents:

1.      The debtor filed for protection of the Court under Chapter 13 and is operating under a confirmed Chapter 13 plan.

2.      The debtor owns a home and is paying the mortgage via the Chapter 13 Trustee to Wells Fargo Bank, NA.

3.      On May 11, 2020, Wells Fargo Bank, NA filed a pleading titled "Notice of Temporary Forbearance" with this court at docket entry 77.

4.      The pleading is misrepresentative in that it says "the Debtor has requested" the forbearance.

5.      The debtor has had no direct contact with Wells Fargo Bank, NA.

6.      The pleading says the debtor's mortgage payments will be suspended for May, June and July 2020.

7.      The debtor is making payments through the Chapter 13 Trustee who is holding funds to pay the mortgage payments.

8.      On April 10, 2020, under the Cares Act, the debtor filed an amended plan that seeks to reduce his trustee payments temporarily, but does NOT seek to add any mortgage arrearage or forbearance to the plan, as the trustee has sufficient funds to maintain the monthly mortgage payments.

9.      The debtor neither requested nor needs a forbearance directly from the lender as the Amended Chapter 13 Plan provides him a mechanism to address the mortgage should that be needed.

10.      To the extent Wells Fargo Bank, NA objects to the Amended Plan filed on April 10, 2020 at docket entry 75, it must file an objection as required by the Court's Rules.

11.    The debtor puts Wells Fargo Bank, NA on notice he will object to any fees charged against his account by the lender in relationship to the incorrect and unauthorized notice filed by the lender, as there was no legitimate purpose for the notice.

WHEREFORE, the debtor, by counsel, respectfully moves this Court to strike the Notice of Temporary Forbearance (incorrectly docketed as Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 90 Days) filed by Wells Fargo Bank, NA and for such other relief as is just.

Respectfully Submitted:

Mark Stephen Estes
BY: /s/ Malissa L. Giles
Counsel

## NOTICE OF HEARING

Comes now the debtor, by counsel, and notices Wells Fargo Bank, NA and interested parties that the United States Bankruptcy Court, Western District of Virginia, Roanoke Division, (210 Church Avenue, Room 200, Roanoke, VA 24011) will consider the attached Motion to Strike on July 6, 2020 at 11:00 a.m.

IF NO OBJECTIONS ARE FILED WITHIN 21 DAYS OF SERVICE OF THIS NOTICE, the Court may consider entry of an order striking the pleading and cancel the hearing scheduled for July 6, 2020.

Mark Stephen Estes

Dated: May 13, 2020                              /s/ Malissa L. Giles_____
                                                 Counsel

Certificate of Service

I, Malissa Lambert Giles, counsel for the debtors, hereby certify that I have today, the 13th day of May 2020 mailed a copy of the foregoing Motion and Notice of Hearing to:

Nickesha Presley, VP Loan Documentation
Wells Fargo Bank, NA
Default Document Processing
N9286-01Y
1000 Blue Gentian Road
Eagan MN 55121-7700

Andrew Todd Rich, Esq.                                via electronic mail
Counsel for Wells Fargo Bank, NA

Chapter 13 Trustee                                    via CM/ECF


Dated: <u>May 13, 2020</u>                          <u>/s/ Malissa L. Giles</u>
                                                      Counsel


Malissa L. Giles
Giles & Lambert, PC
PO Box 2780
Roanoke, VA 24001
540-981-9000
mgiles@gileslambert.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 20-10074 |
| Rodolfo & Beatriz Rodriguez-Villegas | § | |
| Debtor(s) | § | CHAPTER 13 |

<u>DEBTORS' OBJECTION TO 3002.1 NOTICE OF MORTGAGE PAYMENT CHANGE
FILED BY WELLS FARGO (DOC#32)</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 30 DAYS FROM THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Rodolfo and Beatriz Villegas-Rodriguez, by their attorney, and file this objection to the Rule 3002.1 Notice of Mortgage Payment Change filed by Wells Fargo Bank, NA (DOC#32). As cause, the Debtors respectfully represent:

1.     On February 25, 2020, the Debtors filed for protection of the Court under Chapter 13 of the United Bankruptcy Code. (DOC#1).

2.     The Debtors' home is encumbered by a lien securing repayment of a mortgage loan owned by Wells Fargo Bank, NA ("Wells Fargo").

3.     On March 5, 2020, the Debtors filed their chapter 13 plan. (DOC#17).

4.     The Debtors were not behind on their loan to Wells Fargo pre-petition and

initially were paying their mortgage directly to Wells Fargo through automatic withdrawals from their bank account, twice a month.   Consequently, the Debtors' Chapter 13 plan was not a "conduit" plan with respect to the Wells Fargo monthly mortgage payments.

5.      On May 12, 2020, Wells Fargo filed a purported Fed. R. Bankr. P. 3002.1 Notice stating: "Notice of forbearance arrangement based on debtor's(s') request (COVID19)" (Docket No. 32) (hereafter, the "Rule 3002.1 Notice").

6.      On the last page of the Rule 3002.1 Notice, Wells Fargo states: "Wells Fargo  Bank, N.A. ("Creditor\Servicer") hereby provides notice that due to a recent financial hardship resulting directly or indirectly from the COVID-19 emergency, the Debtor has requested, and Creditor\Servicer has provided a temporary suspension of mortgage payments."

7.      The undersigned learned, only after filing an amended plan, that the Debtors did not request a mortgage loan forbearance from Wells Fargo.

8.      The Rule 3002.1 Notice filed by Wells Fargo alarmed and distressed the Debtors, as they did not want to be in a Wells Fargo loan forbearance.

9.      The Rule 3002.1 Notice asserts that payments are to be put in forbearance for months that the Debtors already paid.

10.     By filing a Rule 3002.1 Notice for an alleged forbearance that the Debtors did not request, Wells Fargo has needlessly burdened the Bankruptcy system by causing confusion and requiring Debtors, Debtors' counsel, the Chapter 13 Trustee, and the Court to take action to counter the effects of the false Rule 3002.1 Notice.

11.     Further, the false Rule 3002.1 Notice filed by Wells Fargo has caused Debtors' counsel to incur a great deal of work and expense in explaining to the Debtors the potential consequences of such a filing and any potential deleterious effects on the Debtors ability to reorganize.

12.     Moreover, Wells Fargo's false Rule 3002.1 Notice creates the potential for

needless, inaccurate motions for relief from stay at the end of the alleged "forbearance" period.  It also creates potential post-discharge disagreements between the Debtors and Wells Fargo regarding the mortgage loan's status after the Debtors are no longer protected by the provisions of the Bankruptcy Code and Rules and, potentially, when they are no longer represented by counsel.

13.    The Debtors object to the Rule 3002.1 Notice filed by Wells Fargo.

14.    An affidavit signed by the Debtors confirming the above facts is attached hereto.

WHEREFORE, the Debtors, by counsel, object to the Rule 3002.1 Notice filed by Wells Fargo at Docket No. 32, and request that the Court, after notice and a hearing, sustain Debtors' objection to same, and grant Debtors any further relief to which they may show themselves entitled.

Respectfully submitted,

LIMÓN LAW OFFICE

By:    /s/Abelardo Limón, Jr.
       Abelardo Limón, Jr.
       Texas  Bar  No.  1235770
       890 West Price Road
       Brownsville TX  78520
       (956) 544-7770
       (956) 544-4949 facsimile

CERTIFICATE OF SERVICE

I certify that on June 19, 2020, a true copy of the Debtors' Objection to Rule 3002.1 Notice of Mortgage Payment Change was mailed to the parties listed below by regular U.S. mail and/or served electronically to the parties on the attached service list.

| CHAPTER 13 TRUSTEE: | U.S. TRUSTEE: | Debtor(s): |
| --- | --- | --- |
| Cindy Boudloche | 606 N. Carancahua, Suite 1107 | Rodolfo & Beatriz Rodriguez |
| 555 N Carancahua, Suite 600 | Corpus, TX  78476 | 6647 Pino Verde |
| Corpus Christi TX  78478 | | Brownsville, TX  78526 |

And to all creditors requesting notice as found below:

Linebarger Goggan Blair & Sampson, LLP
PO Box 17428
Austin, TX 78760

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Wells Fargo Bank, N.A.
c/o Albertelli Law
Attorneys for Secured Creditor
PO Box 23028
Tampa, FL 33623

                                             /s/Abelardo Limón, Jr.
                                             Abelardo Limón, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 20-10074 |
| Rodolfo & Beatriz Rodriguez-Villegas | § | |
| Debtor(s) | § | CHAPTER 13 |

<u>AFFIDAVIT OF RODOLFO AND BEATRIZ RODRIGUEZ-VILLEGAS REGARDING
OBJECTION TO RULE 3002.1 NOTICE OF MORTGAGE PAYMENT CHANGE OF
WELLS FARGO BANK, N.A.</u>

1.    Our names are Rodolfo and Beatriz Rodriguez-Villegas.  Our social security numbers are: xxx-xx-7758 and xxx-xx-1884.  We are over the age of 18 years and competent to execute this Affidavit.  We have personal knowledge of all the facts stated herein.  We testify under penalty of perjury as to the facts stated herein.

2.    We have read the objection to rule 3002.1 Notice of Mortgage Payment Change filed by Wells Fargo N.A. in our case and to which this affidavit is attached and we hereby swear under oath that all facts in the objection are true and correct.

3.    Further Affiants sayeth not.

/s/ Rodolfo Rodriguez
Rodolfo Rodriguez

/s/ Beatriz Rodriguez Villegas
Beatriz Rodriguez Villegas

STATE OF TEXAS          *
                        *
COUNTY OF CAMERON       *

On this _19_ day of _June_, 2020, Rodolfo Rodriguez and Beatriz Rodriguez Villegas, personally appeared before me, and being by me duly sworn, stated and affirmed under penalty of perjury that all the facts alleged in the Affidavit are within affiant's personal knowledge and are true and correct, to certify which witness my hand and seal of office.

[NOTARY SEAL – ABELARDO LIMON
Notary ID #... 
My Commission Expires
August 15, 2021]

/s/
Printed Name _A. LIMON_
Notary Public, State of Texas
My commission expires: _8-15-21_

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Rodolfo Rodriguez |
| Debtor 2<br>(Spouse, if filing) | Beatriz Villegas- Rodriguez |
| United States Bankruptcy Court for the: Southern District of Texas (Brownsville) | |
| Case number | 20-10074 |

**Official Form 410S1**

# Notice of Mortgage Payment Change

**12/15**

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of Creditor:**  Wells Fargo Bank, N.A.

**Court claim no.** (if known):   4

**Last 4 digits** of any number you use to identify
the debtor's account:   0667

**Date of payment change:**
Must be at least 21 days after date of this notice    04/01/2020

**Uniform Claim Identifier:**   WFCMGF2010074TXS77580667

**New total payment:**
Principal, interest, and escrow, if any    Forbearance

---

**Part 1:   Escrow Account Payment Adjustment**

**1. Will there be a change in the debtor's escrow account payment?**

☑ No

☐ Yes    Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law.

Describe the basis for the change. If a statement is not attached, explain why:

_____

Current escrow payment: _____    New escrow payment: _____

**Part 2:   Mortgage Payment Adjustment**

**2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

☑ No

☐ Yes    Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.

If a notice is not attached, explain why: _____

Current interest rate: _____    New interest rate: _____

Current principal and interest payment: _____    New principal and interest payment: _____

**Part 3:   Other Payment Change**

**3. Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☐ No

☑ Yes    Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change:   Notice of forbearance arrangement based on debtor's(s') request (COVID19)

Current mortgage payment: _____    New mortgage payment: _____

---

1142513-766f227c-4ead-4388-bedd-d264f7efb1c5-

| Debtor 1 | Rodolfo | Rodriguez | | Case number (if known) | 20-10074 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

The CM/ECF system imposes certain constraints, including limits on the number of characters that may be entered into certain fields, when filing a proof of claim.  As a result of these constraints and limitations, the creditor name that appears on the bankruptcy court's claims register (and any supplemental proof of claim) may differ from the creditor name that appears on the actual proof of claim form.

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's authorized agent.

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

✗ /s/ Eugenia Lee Hodges                                    Date 05/12/2020
   Signature

Print: Eugenia Lee Hodges                                    Title  VP Loan Documentation
   First Name      Middle Name      Last Name

Company   Wells Fargo Bank, N.A.                             Specific Contact Information:
Address                                                      P: 800-274-7025
   MAC N9286-01Y
   1000 Blue Gentian Road                              E: NoticeOfPaymentChangeInquiries@wellsfargo.com
   Eagan, MN 55121-7700

1142513-766f227c-4ead-4388-bedd-d264f7efb1c5-

**The use of Official Form 410S1 and of the electronic filing method for a Notice of Payment Change is being used to provide interested parties with notice of the forbearance arrangement, detailed below. It is only being used due to limitations on existing functionality available to limited users within the Courts' CMECF systems.  The use of this form in no way implies that a payment change is occurring or has occurred on the account.  This filing does not imply that the provisions of FRBP 3002.1 apply to this filing, nor does the Servicer\Creditor consent to the application of any provisions of FRBP 3002.1 to this filing.**

## NOTICE OF TEMPORARY FORBEARANCE

Effective Date of Forbearance: _____04/01/2020_____

Number of monthly payments in Forbearance: _____3_____

Wells Fargo Bank, N.A. ("Creditor\Servicer") hereby provides notice that due to a recent financial hardship resulting directly or indirectly from the COVID-19 emergency, the Debtor has requested, and Creditor\Servicer has provided a temporary suspension of mortgage payments. This short-term relief is consistent with the COVID-19 relief available under the Coronavirus Aid, Relief, and Economic Security (CARES) Act.

During this short-term relief, all terms and provisions of the mortgage note and security instrument, other than the payment obligations, will remain in full force and effect unless otherwise adjusted by this court or through a loan modification. If full or partial payments continue to be received during the forbearance period, Creditor/Servicer will apply such payment(s) pursuant to standard operating procedures.

During the forbearance period and up to an including the time when that period ends, Creditor\Servicer will work with the Debtor, the Debtor's attorney (if applicable) and the bankruptcy trustee on how to address the suspended payments in the long-term, including obtaining any necessary court consent and approval. NOTE: This Temporary Forbearance does not forgive any indebtedness; it only suspends the date that such indebtedness must be paid.

This Notice does not constitute an amendment or modification to the Debtor's plan of reorganization, and does not relieve the Debtor of the responsibility to amend or modify the plan of reorganization to reflect the forbearance arrangement, if required.

# UNITED STATES BANKRUPTCY COURT

Southern District of Texas (Brownsville)

Chapter 13 No. 20-10074

In re:                                                    Judge: Eduardo V Rodriguez

Rodolfo Rodriguez and Beatriz Villegas-
Rodriguez

                              Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on or before May 12, 2020, I served a copy of this Notice and all attachments upon each of the entities named below by the court's notice of electronic filing or by placing a copy thereof in an envelope, in the United States Mail with first class mail postage prepaid, addressed to each of them as follows:

Debtor:                    By U.S. Postal Service First Class Mail Postage Prepaid:

                           Rodolfo Rodriguez
                           Beatriz Villegas- Rodriguez
                           6647 Pino Verde St
                           Brownsville, TX 78526


Debtor's Attorney:         By CM / ECF Filing:

                           Abelardo Limon, Jr
                           Limon Law Office PC
                           890 W Price Rd
                           Brownsville, TX 78520


Trustee:                   By CM / ECF Filing:

                           Cindy Boudloche
                           Chapter 13 Trustee
                           555 N Carancahua
                           Ste 600
                           Corpus Christi, TX 78401-0823


                                     /s/ John Shelley
                           _____
                                     InfoEx, LLC
                                     (as authorized agent for Wells Fargo Bank, N.A.)