IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 02, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

| | |
|---|---|
| TROY SHANNON HARLOW, MARK STEPHEN ESTES, KIMBERLY PORTER FEWELL, BEATRIZ VILLEGAS-RODRIGUEZ, AND RODOLFO RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & CO. and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No. 7:24-mc-013<br><br>By:   Robert S. Ballou<br>United States District Judge |

**ORDER**

Currently before the court is the parties' joint motion to withdraw the reference of this adversary proceeding to the bankruptcy court. Dkt. 1. Plaintiffs, all current or former debtors under Chapter 13 of the Bankruptcy Code, seek class-wide relief related to injuries they sustained as a result of defendants' allegedly improper servicing of mortgage loans during the COVID-19 pandemic. The parties have proposed settlement terms on a class basis, and the United States Bankruptcy Court for the Western District of Virginia preliminarily approved of the terms on May 22, 2024. *See* Order, Dkt. 126, No. 20-07028 (Bankr. W.D. Va. May 22, 2024).

This proposed settlement follows years of litigation. In 2022, this court withdrew the reference of this adversary proceeding to the bankruptcy court, dismissed the non-bankruptcy claims, and referred the remainder of the case back to the bankruptcy court. *See* Orders, Dkt. 2, 13, No. 7:22-cv-267 (W.D. Va.). The parties subsequently litigated their claims in the bankruptcy

court and have now proposed a class-wide settlement. The terms of the settlement agreement include a requirement that the parties jointly seek withdrawal of the reference.

The district court may withdraw the reference of any case referred to the bankruptcy court for cause shown. 28 U.S.C. § 157(d).[1] Courts in the Fourth Circuit have identified several factors to consider in determining whether to grant permissive withdrawal: "(i) whether the proceeding is core or non-core; (ii) the uniform administration of bankruptcy proceedings; (iii) expediting the bankruptcy process and promoting judicial economy; (iv) the efficient use of [the parties'] resources; (v) the reduction of forum shopping; and (vi) the preservation of the right to a jury trial." *In re Yeh*, No. 5:22-mc-009, 2022 WL 17331266, at *3 (W.D. Va. Nov. 29, 2022) (quoting *In re Peanut Corp. of Am.*, 407 B.R. 862, 865 (W.D. Va. 2009)).

Here, the bankruptcy court has already issued preliminary approval of the settlement. The parties contend that the district court's resolution of the forthcoming motion for final approval "avoids unnecessary risks associated with the unsettled state of the law in other jurisdictions regarding the scope of the [b]ankruptcy [c]ourt's authority over a nationwide class." Mot. to Withdraw the Reference, Dkt. 1, at 7. Further, they claim that the district court, not the bankruptcy court, should determine whether the settlement is appropriate because it involves absent class members who reside outside the Western District of Virginia. The parties also state that the proposed settlement does not raise disputed issues of bankruptcy law.

The court finds that the parties have demonstrated sufficient cause to withdraw the reference of this adversary proceeding to the bankruptcy court. Accordingly, the parties' joint motion (Dkt. 1) is **GRANTED**, and this matter is **WITHDRAWN** from the bankruptcy court. The

---

[1] The parties do not argue that this case is subject to mandatory withdrawal, only permissive. *See* Mot. to Withdraw the Reference, Dkt. 1 at n. 2.

2

clerk is directed to strike this miscellaneous action from the active docket of the court, and open a new civil action assigned to Judge Ballou, for seeking final approval of the settlement.

It is **SO ORDERED**.

Entered:  July 2, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

3